UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HADLEY,

    Plaintiff,                                    Case No. 2:23-CV-11702

v.                                          UNITED STATES DISTRICT COURT
                                                  GERSHWIN A. DRAIN

JOHN DOE, et. al.,

    Defendants,
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Plaintiff is an inmate confined at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff filed a civil rights complaint with the United States District Court for the Western District of Michigan on June 26, 2023, which was subsequently transferred to this Court. On July 18, 2023, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide a signed certification of his prison trust account from an authorized prison official and a current and complete computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the $ 52.00 administrative fee, in full. (ECF No. 5).

1

Plaintiff was given thirty days to comply with the order or face dismissal of the complaint. Plaintiff has not complied with the order.

Plaintiff did submit an application to proceed without prepayment of fees with his initial complaint. (ECF No. 2). Plaintiff, however, only provided the Court with a computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for a three month period of time between January and April of 2023. The trust account statement provided by Plaintiff also does not include a financial certificate signed by Plaintiff's custodian or designee.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997) (overruled on other grounds).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date

2

of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*  If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff's current trust fund statement is inadequate because it does not show the financial transactions in his prison trust account for the entire six-month period immediately preceding the filing of the complaint on June 26, 2023, but instead ends on April 4, 2023, almost three months prior to the filing of the current complaint. The account statement only takes into account roughly three months of Plaintiff's financial activities, beginning on January 1, 2023. (ECF No. 2-1, PageID. 28).  The current trust fund statement is inadequate to cure the deficiency because it does not contain a current and complete six-month computer printout of the deposits and withdrawals from Plaintiff's trust account. *See Dixon v. Hofbauer*, 53 F. App'x 313 (6th Cir. 2001).

The current application is also insufficient to grant pauper status because it is uncertified. An uncertified trust fund account statement, or one that lacks a signature,

3

is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. Jan. 30, 2009).

Plaintiff failed to correct the deficiency order; the Court will dismiss the complaint without prejudice for want of prosecution based upon plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

Dated:  October 26, 2023                                  /s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 26, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk